Peaüsoet, C. J.
The plaintiff: alleges lie held a bond cn the defendant Freeman, to execute title to certain lots of land on the payment of-the purchase money ; that he paid the purchase money and directed Freeman to make the title, to the other defendant Risk, in trust for the separate and sole use oí the plaintiffs wife, and her children : and that the tlefendauf Freeman executed a deed to the defend *35 ant Lisk for that urpose, but owing to tbe ignorance or mistake of tbe draftsman, the deed is inoperative, because it sets out no consideration to raise tbe use upon which tbe statute can operate, so as to pass tbe legal estate : and tbe prayer is, that the defendant-Freeman shall execute a deed, valid and sufficient for that purpose*
Tbe defendant Freeman declines to do so; on tbe grounds, 1st that the purpose of ■ the plaintiff in directing ihe deed to be made to his co-defendant Lisk, for the solo and separate use of bis wife and'children, was to defraud certain-creditors who have debts against tbe plaintiff contracted prior to the time when be made the first deed, which debts still remain unpaid. 2d. because after the execution of the first deed which, turns out to be inoperative, the plaintiff assigned all his right and interest in the.lots, and his equity to call for. a re-execution of a deed under the title bond, to L. Kendall and A. 0. Freeman to indemnify them a*3 Ms sureties to a debt contracted for $275, and took from them a covenant to reconvey, provided he paid the debt on or before the 1st day of January 1855 ; that before that date ho informed A. C. Freeman that he would not be able to pay the debt, and that he, A. 0. Freeman and D. Kemball must pay it and reimburse themselves out of the land, and surrendered to A. C. Freeman the covenant for reconveyance : that accordingly A. C. Fi’eemau paid off the whole of the debt and took possession of the land: that afterwards the land wa3 sold under execution as the property of A. C. Freeman, when the defendant Freeman became the purchaser at the price of $1S04 and took the Sheriff’s deed therefor, and that Kendall has eon-' veyed all his interest to him, and that he has been in possession claiming the land as his own since 12th of. May 1857. \
The proof offered by the defendant Freeman, establishes' *36 the fact that there are several old debts of Haskill contracted before tbe date of the deed to Lisk, still unpaid. But tbe defendant has not proved the allegation that Has-kill surrendered to A. 0. Freeman the “ covenant for re-conveyance.” The testimony • of A. 0. Freeman is, that Haskill told him, he and Kendall would have the debt to pay, and must try to save themselves out of the land, as he was unable to pay it; and that ho A. 0. Freeman did pay the wiiole debt. The witness adds that “after the execution of the deed to Kendall and himself, Haskill surrendered the house and lots embraced therein to deponent.”
After Haskill paid the purchase money, Freeman held the legal title in trust to convey to Haskill, or any one according to his-directions, and the attempt to convey to Lisk being ineffectual by reason of the ignorance of the draftsman, the plaintiff’s equity to call for a re-execution is a very plain one, unless it can be opposed on one of the grounds relied upon by Freeman. ■ '
p, 1st. It set ms not to have occurred to Freeman at the timo he executed the deed to Lisk, according to the directions ot Haskill, that he was relieved of the' obligation to perform the trust c n which he held the legal title, by rea-' son Of the indebtedness of flaskill of which he bad notice : and'we are not aware of any principle of law or equity, by ■which he can now fall back upon and shelter himself behind the rights of Haskill's old creditors, with whom he is in no wise concerned. The deed which he is now called on to execute, will not tend to “ hinder or delay” the remedy of those creditors : on the contrary, it will aid them by-getting the title out of him and freeing it from all complication. His deed will he .valid between the parties, and is • not rendered void by tbe statute 13th Elia, which applies only to conveyances made by the debtor, and in respect to creditors, the case will come under the principles discussed in Rhem vs. Tull, 13 Ired. 57.
*37 2d. The deed of Haskill passed bis equitable interest to Kendall and A. C. Freeman,, subject, to Haskills right ©f redemption. It is nofcaproved that Haskill surrendered to A. C. Freeman the covenant for re-conveyance; and the fact that “ he was unable to pay the debt, and he and Kin-dall must do it, and try to saye themselves out of the land,” ■ did not operate to extinguish his right of redemption.
Indeed we are inclined to think, that if he had surren-. dered, that is handed back the covenant, it would not have had that effect, for, there was no consideration paid, it was a voluntary act, and did not amount to a release: without which the rule applies “ once a mortgage, always a mortgage.”
Had A. C. Freeman sold the land for the purpos'e of raising money to pay the debt, the purchaser might have-stood, on highet»ground; but he chose to pay the money and keep the land, or rather the equitable interest which he had acquired, and of course held it subject to Haskill’s right of redemption, until it was foreclosed or released, or ^presumed to be abandoned, from the lapse of time. The defendant D. Freeman then comes in as a purchaser at Sheriff’s sale, and stands in the shoes of A. C. Freeman, in respect to the title; for it is well settled that a purchaser at Sheriff’s sale, takes only the interest or title of the debtor: and the deed of Kindall taken by the defendant Freeman with notice, and without a valuable consideration, leaves the equitable interest in his hands, subject to the plaintiff’s right of redemption, and tl e thing has worked around in such a way, that he is now in a condition to execute the title which he before made an inaffectual attempt to do.
It occurred to us at one time that Kendall and A. G. Freeman ought to be before the court; hut we aré satis- *38 lied it was not necessary to make them parties, as it appears by the answer oí the defendant Freeman, that he has acquired their title, and they have no interest iu the Subject of controversy.
Another question is presented. In making redemption, is Haskill to pay the amount of the debt'paid off by A. C. •Freeman, or only the amount paid by the defendant Freeman when he purchased at Sheriffs sale, to wit $150 How it would be, if a third person had pnrehased, it is unneces - sary to decide, for we are satisfied, that all the defendant Freeman is entitled to, is to be indemnified against his outlay: on the ground' that he held the legal title as a trustee, and in making the purchase advanced money in order to buy in an outstanding incumbrance, which clogged the estate of his cestui que trust, and is not at liberty to spcoulate upon it. This is a familiar doctrine of equity.
There will be a decree for the plaintiffs, and a reference to ascertain the amount due, charging Freeman with the rents and profits since he has been in possession, and crediting him with the-amount paid to the Sheriff and interest.